IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GREGORY DOTSON,**<br>    No. 00339695,<br><br>    Plaintiff,<br><br>v.<br><br>**STATE OF TENNESSEE,** *et al.*,<br><br>    Defendants. | Case No. 3:14-cv-02172<br>Judge Trauger |

## MEMORANDUM

Plaintiff Gregory Dotson, an inmate incarcerated in the Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the state of Tennessee, Governor Bill Haslam, Tennessee Department of Correction ("TDOC") Commissioner Derrick Schofield, Warden Wayne Carpenter and several other employees of TDOC. The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and

1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted;

alteration in original).

## II. Factual Allegations

The plaintiff's primary complaint is that he is wrongfully incarcerated pursuant to an invalid conviction and/or sentence arising from his pleading guilty to vandalism in connection with his damaging a sprinkler in the Justice Center in Nashville, where he was being detained on a homicide charge.

The plaintiff also complains about his conditions of confinement since he has been incarcerated in TDOC, including his placement in administrative segregation and a "dry cell" in retaliation for his many grievances, the lack of mental health therapy and the discovery of mice in his food trays.

Finally, the plaintiff complains that he was harassed, deprived of property and deprived of "legal inmates assistance a lot" in his effort to seek relief through post-conviction and state habeas corpus proceedings. He alleges that those efforts have "become tolled for time limitation" and that his remedies for pain and distress are "marked as 'moot.'"

## III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Before turning to the merits of the plaintiff's claims, the court notes that the plaintiff has named the state of Tennessee as a defendant, and that his identification of several of the individual defendants he names suggests that they are being sued solely because of their position of authority rather than because they were personally involved in any violations of his rights.[1] The plaintiff has failed to state a claim against those individual defendants, *Wingo v. Tennessee Dept. of Correction*, 499 F. App'x 453, 454–55 (6th Cir. 2012) (*respondeant superior* does not give rise to supervisor liability under § 1983, and a plaintiff must allege that supervisors were personally involved or at least acquiesced in alleged violation) and the state of Tennessee is immune from suit. *Adams v. Tennessee Dept. of Correction*, 205 F.3d 1339 (6th Cir. 2000).

Including his petition for the writ of habeas corpus, this is at least the fifth action the plaintiff has brought in this Court since January 2013, alleging either the unlawfulness of his incarceration or unconstitutional conditions of confinement or a combination of both. *See* Case Nos. 3:13-cv-00119, 3:13-cv-01135, 3:14-cv-00523, 3:14-cv-00590. As the court already informed the plaintiff in dismissing one of those cases, an inmate may not bring suit under 42 U.S.C. § 1983 based on the alleged invalidity of his confinement unless and until the judgment or sentence under which he is confined has been reversed, expunged, declared invalid or been the subject of a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Case No. 3:14-00590, Docket Entry No. 9, at 2.) Because the plaintiff's efforts to obtain that relief have failed (*see* Case No. 3:14-00523), his § 1983 claim concerning the validity of his incarceration (including the dependent claims that TDOC employees have ignored or negligently handled his complaints about his allegedly invalid incarceration) is barred by *Heck* and must be **DISMISSED**.

---

[1] Specifically, the plaintiff identifies Governor Haslam, Commissioner Schofield and Warden Carpenter as being "legally responsible" by virtue of their positions. (Docket Entry No. 1, at 2, 3.)

The plaintiff also fails to state a claim for deliberate indifference to his medical needs. The plaintiff alleges that he is denied mental health therapy. But mere claims of negligent treatment or medical malpractice do not amount to deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5). The plaintiff's own filings, however, acknowledge that he is on psychotropic and other medications, that he has been repeatedly examined by mental health care providers, and that he is regularly assessed under a TDOC mental health treatment plan. (*See* Docket Entry No. 1, at 7, 128–32.) One of his examination reports notes that he was being treated with Depakote, Lithium and Benadryl "without significant improvement in his mental status." (*Id.* at 130.) The prison's medical staff may not have been effective in remedying the plaintiff's mental illness, but they have clearly not been deliberately indifferent to his needs. His claim for deliberate indifference to medical needs will therefore be **DISMISSED**.

Similarly, the plaintiff's own documentation supports his placement in segregation. Even extended stays in administrative segregation do not impose an "atypical and significant" hardship on an inmate sufficient to implicate a constitutional liberty interest. *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Likewise, temporary placement in a "dry cell" without running water is not an atypical and significant hardship so long as the inmate is provided routine bathroom breaks. *Lyles v. Crosby*, No. 1:10-

CV-528, 2010 WL 3398822, at *4 (W.D. Mich. Aug. 26, 2010). This is true even when "dry cell" restrictions prevent the inmate from having a mattress, blanket, sheets or clothing. *Williams v. Ozmint*, No. CIV.A. 3:08-4139, 2010 WL 3808621, at *1, 3 (D.S.C. July 22, 2010), report and recommendation adopted, No. C/A 3:08-CV-4139-GRA, 2010 WL 3814287 (D.S.C. Sept. 23, 2010). Moreover, the plaintiff affirmatively acknowledges several circumstances that would warrant his segregation. His filings show that he has received multiple disciplinary infractions, including the imposition of restrictions on him for using containers to throw human waste onto staff and other inmates, and that he has "combative attitudes towards the 'correctional officers.'" (Docket Entry No. 1, at 7, 8, 108.) According to documentation attached to his complaint, the plaintiff at times poses a substantial likelihood of serious harm to himself or others because of his mental illness. (*Id.* at 129.) Even assuming that the plaintiff's 30-day confinement in a dry cell under the conditions alleged, or his allegation that he was confined in retaliation for filing grievances, is sufficient to state a claim, the complaint fails to identify any of the defendants as bearing responsibility for those conditions or for retaliating against him. In fact, the court takes judicial notice that the plaintiff has previously sworn that "Sgt. Ford," who is not named as a defendant to this action, was responsible for this treatment. (*See* Case No. 3:13-cv-00119, Docket Entry No. 3, at 4–5.) The claim arising from the plaintiff's segregation will therefore be **DISMISSED**.

The plaintiff alleges that he fears for his life because he has "found small mouses [sic] in [his] food trays." He does not allege when or how many times this has happened, whether the mice were actually in contact with his food, or whether these incidents ever actually made him sick. More importantly, he does not allege that any of the defendants were responsible for the mice on his trays, or that they were even aware of the alleged problem. Eighth Amendment

claims based on prison conditions have both an objective component and a subjective component. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a deprivation of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires that the defendant prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Even assuming that the plaintiff's allegations about mice on his food tray satisfied the objective component, *see Berryman v. Johnson*, 940 F.2d 658 (6th Cir. 1991) (finding that unsanitary food and eating conditions caused by birds, mice, cockroaches and inadequate dish washing was sufficient to survive motion for summary judgment), he has not alleged any facts that would satisfy the subjective component. This claim will be **DISMISSED**.

Finally, the plaintiff alleges vaguely that he was harassed and denied legal assistance from other inmates in connection with his efforts to obtain relief through post-conviction and state habeas proceedings. To state a claim for denial of access to the courts, an inmate must show an actual injury to a non-frivolous legal claim arising from the defendants' conduct. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Prison officials violate the right of access to the courts by "actively interfering with inmates' attempts to prepare legal documents, or file them." *Id.* at 350. To establish liability under § 1983, a plaintiff must prove that the defendants are personally responsible for the alleged violation, either by committing the alleged actions or encouraging or condoning others in doing so. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). The plaintiff in this action has clearly failed to satisfy this latter requirement. He does not say who has harassed him (or how the harassment prevented him from accessing the courts) or who denied him access to inmate legal assistance. Again, the court takes judicial notice that the

plaintiff has previously blamed "Sgt. Ford and Cpl. Gibbs," neither of whom are defendants to this action, for denying him legal visits, attorney calls, legal materials and inmate legal visits. (Case No. 3:13-cv-00119, Docket Entry No. 3, at 5.) The plaintiff's claim for denial of access to the courts will be **DISMISSED**.

**IV. CONCLUSION**

For the reasons set forth herein, this action will be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge